JNO. W. ARNOLD, ETC., *v.* HORACE B. SMITH.

**Trusts—Fraudulent Claim—Property Not Subject to Trustee's Debts.**
    The evidence was held not to show that the claim to property was fraudulent, but that the land was held in trust for claimant and was not subject to the trustee's debts.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 19, 1873.

OPINION BY JUDGE HARDIN:

The orders made on the 25th of June, 1869, for filing the answers of the appellants, Emma Arnold and Graff, to interrogations, as well as some subsequent orders, admit of no other construction as to the attitude of said parties than an appearance in the action.

The objection, therefore, that they were only constructively before the court can not be sustained. But a careful examination of the record satisfies us that the judgment should be reversed on the merits of the case. The appellee took the deposition of John W. Arnold and propounded interrogatories to Emma Arnold and Graff which were answered, and thus rendered all three of them competent witnesses. From their testimony it is reasonably certain that the firm of John W. and William Arnold received and resold in this business, either as trustees or debtors of Miss Arnold, several sums remitted to her from England prior to 1859. However these sums were held, the partners after quitting business, and some time before the death of William Arnold, which occurred in 1860, appear to have admitted themselves indebted to her on that account in the sum of $2,000, which afterwards remained in J. W. Arnold's hands, in trust for Mrs. Arnold, as did also the remittance of $2,901.18, received in 1867. And if this testimony is to be believed, we must conclude that the property and debts in contest claimed as the estate of Emma Arnold were the product and result of the funds so in the hands of J. W. Arnold in trust for her, and therefore exempt from the plaintiff's claim. It is true the plaintiff, after placing Mrs. Arnold and Jno. W. Arnold in the position of witnesses for him, has attempted to discredit them. But so far as Mrs. Arnold's testimony is concerned, her previous deposition, as well as her answer in this case, rather shows her to be an artless woman, unskilled in business, than an untruthful witness. The testimony of Bly and Dodge conduces strongly to establish a fraudulent purpose on the part of J. W. Arnold, to avoid the payment of the judgment of the appellee, but whatever they may prove as against him, the matter so proved is not competent evidence against Emma Arnold for any purpose. Nor is there, in our opinion, any sufficient evidence in the cause to repel the proof of the alleged trust, or sustain the conclusion that it was unusual, fictitious and fraudulent.

We are further of the opinion that the evidence does not sustain

the decision that the title and claim of Graff to the property in Taylorsville, Ky., is fraudulent; and it seems to us the court erred in subjecting the property to the plaintiff's claim.

Wherefore the judgment is reversed and the cause remanded with directions to dismiss the petition.

*Rodman, Kilpatrick, Armstrong, for appellant.*

*Mundy, Faerleigh, for appellee.*

